UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HEINZ SCHROEDER, | ) | CASE NO. 4:07 CV 3832 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 17, 2007, pro se plaintiff Heinz Schroeder filed this Bivens[1] action against Corrections Corporation of America ("CCA"), CCA Warden Joseph Gunja, CCA Security Chief Staiger, and the United States of America. In the complaint, plaintiff alleges that CCA prisoners were locked in their cells for 5 days in violation of the Eighth and Fourteenth Amendments. He seeks compensatory and punitive damages as well as disciplinary sanctions against the person responsible for making the decisions in question.

**Background**

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

Mr. Schroeder claims that more than 1500 CCA inmates were locked into their cells on December 3, 2007. He states that this lock-down lasted for five days. During that period of time, inmates had no access to television or recreation, and could not attend vocational or educational training. He further alleges that their use of microwave ovens was restricted and they were served cold sandwiches with potato chips for every meal. He claims that Bureau of Prison ("BOP") policy requires inmates to receive one hot meal per day. Mr. Schroeder contends that they had no access to telephones for these five days and were permitted to have only one ten minute shower. He states that at approximately 3:00 p.m. on the first day, the inmates received the first of three notices from the Warden. Inmates were told that the lock-down status was the result of security concerns, and were informed that cell searches would take place. Due to the large number of cells to be searched, the prison utilized all available personnel, including those from the kitchens, commissary, and educational departments. He claims these individuals were very inexperienced in conducting searches, and as a result, a number of things were taken which should not have been classified as contraband. Mr. Schroeder asserts that the five day lock-down subjected him to cruel and unusual punishment and denied him due process.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v.

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, the United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. U.S. v. King, 395 U.S. 1,4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957). Even liberally construing the pleading, there is not a sufficient indication that the United States waived its sovereign immunity. See Name.Space, Inc. v. Network Solutions, Inc., 202 F.3d 573, 581 (2d Cir. 2000)(finding that agencies, instrumentalities, and officers of the federal government cannot be sued under antitrust laws); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991)(stating that a Bivens claim cannot be asserted against the United States government or its employees in their official capacities). Mr. Schroeder's claims against the United States must be dismissed.

In addition, Mr. Schroeder fails to state a claim upon which relief may be granted. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. Wilson v. Seiter, 501 U.S. 294 (1991); see Hudson v. McMillian, 503 U.S. 1 (1992); Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against

---

reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. Hudson, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Inmates "cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988). There is nothing in the complaint which suggests that no hot meals, television, microwave ovens, telephones, vocational or education training, or recreation for five days constitutes the type of deprivation which triggers Eighth Amendment protections.

Mr. Schroeder also asserts he and the other 1500 inmates were denied due process prior to being placed in the five day lock-down. A prisoner generally does not have a liberty interest in remaining free from disciplinary segregation. Sandin v. Conner, 515 U.S. 472, 485 (1995). Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of a court-imposed sentence. Id. at 483. Although States may, under certain circumstances, create liberty interests protected by the Due Process Clause, the interests are generally limited to freedom from restraint which, while not exceeding the sentence in such a unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. There are no facts presented in the complaint that would reasonably suggest that the five days the plaintiff and the other CCA inmates spent confined to their cells for security purposes presented the type of atypical and significant hardship which would give rise to a liberty interest protected by the Due Process Clause. Id. at 485.

**Conclusion**

Accordingly, this action is dismissed pursuant to §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith**.**

IT IS SO ORDERED.

S/Peter C. Economus - 2/8/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE